*MHN*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civil Action No. 1:10-cv-01813 |
| Plaintiff, | Judge Ronald A. Guzman |
| v. | Magistrate Judge Geraldine Soat Brown |
| WALGREEN CO., also d/b/a WALGREENS, | **STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |
| Defendant. | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed a Complaint

for Permanent Injunction and Other Equitable Relief against Defendant Walgreen Co., also d/b/a

Walgreens ("Walgreens"), pursuant to Section 13(b) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. § 53(b), alleging deceptive acts or practices and false advertisements in

violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

The Commission and Walgreens, without Walgreens admitting or denying liability for

any of the conduct alleged in the Complaint, have stipulated to entry of the following agreement

for permanent injunction and settlement of claims for monetary relief in settlement of the

Commission's allegations against Walgreens.

The Court, having been presented with this Stipulated Final Judgment and Order for

Permanent Injunction and Other Equitable Relief ("Order"), finds as follows:

### FINDINGS

1.       This Court has jurisdiction over the subject matter of this case and jurisdiction

over all parties.  Venue in the Northern District of Illinois is proper.

2.       The acts and practices of Walgreens are in or affecting commerce, as defined in

3. The Complaint states a claim upon which relief can be granted under Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, and the Commission has the authority to seek the relief it has requested.

4. Walgreens waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Walgreens also waives any claim that it may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

5. This Order reflects the negotiated agreement of the Commission and Walgreens.

6. The Commission and, except as set forth in Subsection E of Section III of this Order, Walgreens, by entering into this stipulation, does not admit or deny any of the allegations set forth in the Complaint, other than jurisdictional facts.

7. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law.

8. Nothing in this Order obviates the obligation of Walgreens to comply with Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 and 52.

9. The Commission's action against Walgreens is an exercise of the Commission's police or regulatory power as a governmental unit.

10. The paragraphs of this Order shall be read as the necessary requirements for compliance and not as alternatives for compliance, and no paragraph serves to modify another paragraph unless expressly so stated.

11. Each party shall bear its own costs and attorneys' fees.

12. Entry of this Order is in the public interest.

13. The Plaintiff and Walgreens, by and through their counsel, have agreed that entry

of this Order resolves all matters in dispute between them arising from the facts and circumstances alleged in the complaint, up to the date of entry of this Order.

## ORDER

## DEFINITIONS

1.    "Walgreens" means Walgreen Co., also d/b/a Walgreens, and its successors and assigns.

2.    "Advertising" and "promotion" mean any written or verbal statement, illustration, or depiction designed to effect a sale or create interest in the purchasing of goods, whether it appears in a brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, packaging, package insert, label, film, slide, radio, television or cable television, audio program transmitted over a telephone system, program-length commercial ("infomercial"), the Internet, email, press release, video news release, or in any other medium.

3.    "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.    "Competent and reliable scientific evidence" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

5.    "Walgreens brand" means any product with the name Walgreens appearing on the product package or that is manufactured and/or distributed exclusively for sale through Walgreens retail stores or on its website.

6.    "Walgreens Products" means Walgreens brand "Wal-born" or "Wal-borne" tablets, lozenges, or powders in all flavors and package sizes or any other Walgreens brand

product marketed as a private label version of Airborne for sale at Walgreens retail stores or on its website.

7.     "Covered Product" means Walgreens Products and any Walgreens brand food, drug, or dietary supplement for sale at Walgreens retail stores or on its website, that is represented, expressly or by implication, to prevent or treat colds or flu or boost the immune system.

8.     "Endorsement" means as defined in 16 C.F.R. § 255.0(b).

9.     "Food" and "drug" mean as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

10.    "Commission" means the Federal Trade Commission.

11.    The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

12.    The term "including" in this Order means "including without limitation."

13.    The term "Geis Class Action" shall mean the action entitled *Geis and Roper v. Airborne Health, Inc. et al.*, Civil Action No. 2:207-CV-04238 (KSH) (PS) (D. N.J.).

## I.

## PROHIBITED REPRESENTATIONS REGARDING
## COVERED PRODUCTS

IT IS HEREBY ORDERED that Walgreens, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and its officers, agents, servants, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any

Covered Product, in or affecting commerce, are hereby permanently restrained and enjoined from making, or assisting others in making, directly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation:

    A.    That such product:

        1.    Reduces the risk of or prevents colds or flu;

        2.    Protects against or helps fight germs;

        3.    Protects against colds or flu in crowded places such as airplanes, offices, or schools;

        4.    Reduces the severity or duration of colds or flu; or

        5.    Boosts the body's immune system, thereby providing protection against cold or flu viruses;

unless the representation is true, non-misleading, and, at the time it is made, Walgreens possesses and relies upon competent and reliable scientific evidence that substantiates the representation.

    B.    About the health benefits or efficacy of any Covered Product, unless the representation is true, non-misleading, and, at the time it is made, Walgreens possesses and relies upon competent and reliable scientific evidence that substantiates the representation.

## II.

## FDA-APPROVED CLAIMS

IT IS FURTHER ORDERED that:

    A.    Nothing in this Order shall prohibit Walgreens from making any representation for any drug that is permitted in labeling for such drug under any tentative or final standard

promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; and

B.      Nothing in this Order shall prohibit Walgreens from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

### III.

### MONETARY JUDGMENT AND CONSUMER REDRESS

IT IS FURTHER ORDERED that:

A.      Judgment is hereby entered in favor of the Commission and against Walgreens in the amount of five million, nine hundred and seventy thousand dollars ($5,970,000), which amount shall be paid to the Commission as follows:

1.      Walgreens shall pay four million seven hundred seventy thousand dollars ($4,770,000) to the Commission by electronic funds transfer within ten (10) days of the date of entry of this Order and in accordance with instructions provided by the Commission.

2.      Walgreens shall pay one million two hundred thousand ($1,200,000) to the Commission by electronic funds transfer not later than December 31, 2010 in accordance with instructions provided by the Commission, *provided that*, this amount shall be offset by any amount, up to one million two hundred thousand ($1,200,000), that Walgreens pays in consumer claims or makes available as alternative relief prior to that date

pursuant to the Geis Class Action settlement; *provided*, however, in the event that the time for appeal has not expired or an appeal is pending from a final order in the Geis Class Action, such that the obligation to make payment under the Geis Class Action Settlement has not become effective, the payment of one million two hundred thousand ($1,200,000) shall not be due until thirty (30) days after the expiration of the time for appeal or disposition of the appeal. Such payment shall be subject to the same offset specified above.

If, upon motion by the Commission, the Court finds that Walgreens failed to comply fully with those requirements, the monetary judgment shall be deemed unsatisfied, and the entire judgment shall be immediately due and payable. Should this judgment be modified as to the monetary liability of Walgreens, this Order in all other respects shall remain in full force.

B. In the event of default on any obligation to make payment under this Order, interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the date of payment. In the event such default continues for ten (10) calendar days beyond the date that payment is due, the entire amount shall immediately become due and payable.

C. All funds paid to the Commission pursuant to this Order shall be deposited into an account administered by the Commission or its agents to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be

reasonably related to Walgreens' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Walgreens shall have no right to challenge the Commission's choice of remedies under this Section. Walgreens shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

      D.      Walgreens relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Walgreens shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

      E.      Walgreens agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. Walgreens further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A). For all other purposes and with respect to all other parties, Walgreens' stipulation in this section shall have no effect. It is specifically agreed and acknowledged that this section is not intended to be, nor shall it be, construed as an admission of liability by Walgreens with respect to the allegations set forth in the Complaint with respect to any claims or demands by any third parties.

      F.      In accordance with 31 U.S.C § 7701, Walgreens is hereby required, unless it has done so already, to furnish to the Commission its taxpayer identifying numbers, which shall be

used for the purposes of collecting and reporting on any delinquent amount arising out of Walgreens' relationship with the government.

## IV.

## COMPLIANCE MONITORING BY WALGREENS

IT IS FURTHER ORDERED that Walgreens, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any Covered Product, in or affecting commerce, shall take reasonable steps sufficient to monitor and ensure that all of its employees and agents engaged in sales, order verification, or other customer service functions comply with the provisions of this Order. Such steps shall include adequate monitoring of all advertisements, promotions, sales presentations, and other oral and written communications with customers regarding Covered Products. Walgreens, at a minimum, shall:

A. Conduct periodic monitoring of representations concerning any Covered Product made by persons engaged in sales or other customer service functions, including representations made orally or through electronic communications, on behalf of Walgreens; and

B. Conduct periodic monitoring of representations made about any Covered Product on all Internet websites operated or maintained by Walgreens or its agents.

## V.

## COMPLIANCE MONITORING BY THE COMMISSION

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Walgreens shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for

deposition; and provide entry during normal business hours to any business location in Walgreens' possession or direct or indirect control to inspect the business operation, *provided that* Walgreens, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Fed. R. Civ. P. 26(c);

      B.    In addition, the Commission is authorized to use all other lawful means, including but not limited to:

          1.    Obtaining discovery from any person, without further leave of court, using the procedures described in Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69; and

          2.    Having its representatives pose as consumers and suppliers to Walgreens, its employees, or any other entity managed or controlled in whole or in part by Walgreens, without the necessity of identification or prior notice; and

      C.    Walgreens shall permit representatives of the Commission to interview any officer, director, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

      *Provided, however*, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VI.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of three (3) years from the date of entry of this Order, Walgreens shall notify the Commission of any changes in the corporate structure of Walgreens or any other business entity that Walgreens directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Walgreens learns less than thirty (30) days prior to the date such action is to take place, Walgreens shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    Sixty (60) days after the date of entry of this Order, Walgreens shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order.  This report shall include, but not be limited to:

    1.    A copy of each acknowledgment of receipt of this Order obtained pursuant to Section VIII titled "Distribution of Order"; and

    2.    Any other changes required to be reported under Subsection A of this Section.

C.    Walgreens shall notify the Commission of the filing of a bankruptcy petition

within fifteen (15) days of filing.

      D.      For purposes of this Order, Walgreens shall, unless otherwise directed by the

Commission's authorized representatives, send by overnight courier all reports and notifications

required by this Order to the Commission at the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C. 20580
> Attn: *FTC v. Walgreen Co.*

*Provided* that, in lieu of an overnight courier, Walgreens may send such reports or notifications

by first-class mail, but only if Walgreens contemporaneously sends an electronic version of such

report or notification to the Commission at: DEBrief@ftc.gov.

      E.      For purposes of the compliance reporting and monitoring required by this Order,

the Commission is authorized to communicate directly with Walgreens.

## VII.

## RECORD-KEEPING PROVISIONS

      IT IS FURTHER ORDERED that, for a period of six (6) years from the date of entry of

this Order, Walgreens and its agents, employees, officers, corporations, and those persons in

active concert or participation with them who receive actual notice of this Order by personal

service or otherwise, are hereby restrained and enjoined from failing to create and retain the

following records:

      A.      Accounting records that reflect the cost of Covered Products sold, revenues

generated, and the disbursement of such revenues;

      B.      Personnel records accurately reflecting: the name, address, and telephone number

of each person employed in any capacity by such business, including as an independent

contractor, who is involved in the advertising, marketing, promotion, offering for sale, sale, or

distribution of any Covered Product; that person's job title or position; the date upon which the

person commenced work; and the date and reason for the person's termination, if applicable;

      C.     Customer files containing the names, addresses, phone numbers, dollar amounts

paid, quantity of Covered Products purchased, and description of Covered Products purchased,

to the extent such information is obtained in the ordinary course of business;

      D.     Complaints and refund requests (whether received directly or indirectly, such as

through a third party), including, but not limited to, reports of adverse incidents claimed to be

associated with the use of a Covered Product, and any responses to those complaints or requests;

      E.     Copies of all advertisements, promotional materials, sales scripts, training

materials, websites, or other marketing materials utilized in the advertising, marketing,

promotion, offering for sale, sale, or distribution of any Covered Product;

      F.     All materials that were relied upon in making any representations contained in the

materials identified in Subsection E of this Section, including all documents evidencing or

referring to the accuracy of any claim therein or to the efficacy of any Covered Product,

including, but not limited to, all tests, reports, studies, demonstrations, or other evidence that

confirm, contradict, qualify, or call into question the efficacy of each such product, including

complaints and other communications with consumers or with governmental or consumer

protection agencies;

      G.     Records accurately reflecting the name, address, and telephone number of each

manufacturer or laboratory engaged in the development or creation of any testing obtained for

the purpose of manufacturing, labeling, advertising, marketing, promoting, offering for sale,

selling, or distributing any Covered Product;

H.      Copies of all contracts concerning the manufacturing, labeling, advertising, marketing, promotion, offering for sale, sale, or distribution of any Covered Product; and

I.      All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order, required by Section VIII titled "Distribution of Order" and Section IX titled "Acknowledgment of Receipt of Order," and all reports submitted to the Commission pursuant to Section VI of this Order titled "Compliance Reporting."

## VIII.

## DISTRIBUTION OF ORDER

IT IS FURTHER ORDERED that, for a period of three (3) years from the date of entry of this Order, Walgreens shall deliver copies of this Order as directed below:

A.      Walgreens shall deliver a copy of this Order to: (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure set forth in Subsection A of Section VI titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Walgreens. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A of Section VI titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.      Walgreens shall obtain a signed and dated statement acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy of this Order pursuant to this Section.

## IX.

### ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that Walgreens, within five (5) business days of receipt of this Order as entered by the Court, shall submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## X.

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED:**

Dated: _____          _____
                                          UNITED STATES DISTRICT JUDGE


**SO STIPULATED**:

**FOR PLAINTIFF FTC:**                    **FOR DEFENDANT WALGREEN CO.:**


_____       _____
GREGORY W. FORTSCH                        WALGREEN CO.
CAROL J. JENNINGS                         By: BRYAN PUGH
KAREN MANDEL                              Corporate Vice President, Merchandising
Trial Counsel
Federal Trade Commission
600 Pennsylvania Avenue NW, NJ-3212
Washington, DC 20580                      _____
Phone: 202-326-3617 (Fortsch)            JOAN Z. BERNSTEIN
       202-326-3010 (Jennings)           DANA B. ROSENFELD
       202-326-2491 (Mandel)             Kelley Drye & Warren LLP
Fax:   202-326-3259                       Washington Harbour, Suite 400
Email: gfortsch@ftc.gov                   3050 K Street, NW
       cjennings@ftc.gov                  Washington, DC 20007-5108
       kmandel@ftc.gov                    202-342-8400

                                          Attorneys for Walgreen Co.

**SO ORDERED:**

Dated: 3/29/2010

UNITED STATES DISTRICT JUDGE

**SO STIPULATED:**

**FOR PLAINTIFF FTC:**

GREGORY W. FORTSCH
CAROL J. JENNINGS
KAREN MANDEL
Trial Counsel
Federal Trade Commission
600 Pennsylvania Avenue NW, NJ-3212
Washington, DC 20580
Phone: 202-326-3617 (Fortsch)
          202-326-3010 (Jennings)
          202-326-2491 (Mandel)
Fax:    202-326-3259
Email: gfortsch@ftc.gov
          cjennings@ftc.gov
          kmandel@ftc.gov

**FOR DEFENDANT WALGREEN CO.:**

WALGREEN CO.
By:  BRYAN PUGH
Corporate Vice President, Merchandising  SLC 1/20/10

JOAN Z. BERNSTEIN
DANA B. ROSENFELD
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007-5108
202-342-8400

Attorneys for Walgreen Co.